DOWNEY, Judge.
This suit arose out of a contract wherein appellants as architects agreed to perform certain architectural services for appellee, Spero, and one Marraffino, as owners of certain property in Deerfield Beach. Appellants sued for the balance of their fees and from an adverse final judgment they appeal.
The parties entered into a written contract, designated on its face as a “Standard Forum of Agreement Between Architect and Owner on a basis of a percentage of construction cost”. Said contract provided, inter alia, that the architects would be paid 8% of the cost of construction as defined in Article 3 thereof; that for the purpose of the first payment on their fee, and only for that purpose, the sum of $150,000 would be used as the cost of construction; that the architects’ estimates from time to time of the cost of construction were simply estimates and not binding; that if the construction was not completed their fee was to be determined on the lowest bid received from a qualified bidder; that the architects were to receive payments on their fee according to a schedule contained in the contract.
The evidence shows that the architects prepared the preliminary drawings, sketches, plans and specifications; that many changes were made as the building concept developed; that the cost of construction continually increased as time went on. Finally, the plans were put out to bid and the lowest bidder was $414,000. The appellees had paid appellants $12,000 on October 2, 1968, when the latter billed the former for another installment payment due at that time in the amount of $4,000. Appellees sent appellants a check for $4,000 with the legend thereon, “Paid in Full to date of abeyance”, which appellants retained and cashed. Appellees decided they could not afford to build at the bid price, so on March 10, 1969, appellants wrote appellees and offered to revise the plans in an effort to reduce the cost. However, appellees decided not to proceed further. When appellees refused to pay the balance of their fee, appellants brought this suit.
The contract makes reference to certain things happening “when a fixed limit of construction cost is established”. It also provides that the agreement could be amended only by written instrument signed by both parties. There is no evidence of any “fixed limit of construction cost” ever having been arrived at or any written amendments signed by the parties. Appel-lees attempted to testify to some oral un *372 derstanding fixing the limit at a lesser figure than the bid price, but objection thereto was sustained.
Appellee, Spero, testified at trial that appellants had fully performed their contract. The schedule of payments showed appellants were entitled to 80% of fee at the point in time and stage of the transaction when appellees elected to proceed no further. Accordingly, they were entitled to the balance of $10,521.00.
Appellees make much of the legend on the check, “Paid in Full to date of abeyance”. The invoice which this check responds to shows it to be a progress payment. There is no showing in the record of any dispute at that time between the parties. Thus, acceptance of the check with that legend thereon does not constitute an acceptance of it as full payment. 1 Fla.Jur., Accord & Satisfaction, § 5.
The final judgment for appellees is reversed with directions to enter a final judgment for appellants in the amount of $10,521.00, together with interest from December 7, 1970.
Reversed and remanded.
WALDEN, J., concurs.
CROSS, J., dissents with opinion.